Scribner, J.
On the 2nd of April, 1890, .Raitz was an employe of the railway company, and his duty was to clean the ash-pan of locomotives when they had come in from a run on the road. On that day he went under the engine standing over the ash-pit, for that purpose. The hostler on the engine, at Raitz’s *71 request, let steam into the cylinders, and caused the engine to move about two feet backward so as to get it in the proper place to clean the ashes out, and then closed the throttle, applied the steam brakes and stopped the engine, and then let off the brakes and set the lever on the center, the cylinder cocks being 'open. Raitz then put his hand out from under the engine and just back of the wheel of the forward trucks, in order to wet the ashes down, when the engine started and the truck, wheel ran over his left hand, and cut it off. He claims that the valves of the engine were leaky, and that in consequence of that the engine suddenly moved as aforesaid. Proof was given to show that this movement of the engine occurred five or six minutes after the steam had been shut off and the brakes released, and that it would not have occurred unless the valves were defective. His evidence also tended to show that about four years before, in 1886, at Elyria, the same engine had “run away” while the engineer and fireman were away from it for a few minutes, and smashed its pilot, and that it had been taken to the shop for repairs, and that again, in 1888, about two years before the accident to Raitz, the engine had been sent to the repair shop on account of its leaky throttle valve, and repaired. It was claimed by the company that the engine was in perfect order and condition when Raitz was hurt, but that he put his hand out for the hose immediately after the brakes were let off, and that the uncxpandéd steam in the pipes moved the engine a few feet, and that such a movement is usual, and does not indicate any defect in the engine or the valves of the engine. The jury rendered a verdict in favor of Raitz, and the court of common pleas, having refused a new trial, rendered a judgment upon the verdict.
Judgment affirmed by the circuit court in a majority opinion.
(The coincidence is noted that this accident occurred in the early morning of the very day that the law of 1890 was passed, (87 O. L. 149, passed April 2, 1890), providing in substance, *72 that where an injury occurs to an employe of a railroad company by reason of defective machinery, the company shall be presumed to have had notice of the defect, and to have been negligent.)
JE. _D. Potter, Jr., for plaintiff in error.
Scribner & Hurd, for defendant in error.